**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SVEN GOLDMANIS, | No. 14-35776 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-02035-JCC |
| and | |
| LINDA INSINGER, | MEMORANDUM* |
| Plaintiff-Appellant, | |
| v. | |
| JOHN INSINGER; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted March 6, 2017**
Seattle, Washington

Before:  GRABER, IKUTA, and HURWITZ, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes that this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

Plaintiff Linda Insinger appeals the district court's grant of summary judgment to Defendants and the district court's award of sanctions against her. We affirm.[1]

1. The district court correctly granted summary judgment to Defendants on the ground that this civil RICO action is untimely. See Smith v. Clark Cty. Sch. Dist., 727 F.3d 950, 954 (9th Cir. 2013) ("We review *de novo* the district court's grant of summary judgment."). Plaintiff had knowledge of her alleged injuries by 2007 at the latest, yet did not file this action until 2013—well after the expiration of the four-year statute of limitations. See Pincay v. Andrews, 238 F.3d 1106, 1108 (9th Cir. 2001) ("The statute of limitations for civil RICO actions is four years."); id. at 1109 ("[T]he civil RICO limitations period begins to run when a plaintiff knows or should know of the injury that underlies his cause of action." (internal quotation marks omitted)). The fact that Plaintiff later discovered additional information concerning Defendants' conduct does not affect the analysis. See id. at 1110.

2. The district court did not abuse its discretion in awarding sanctions under its inherent powers. See Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co., Sec. Litig.), 78 F.3d 431, 436 (9th Cir. 1996) ("We review the district court's entry

---

[1] We dismiss Plaintiff Sven Goldmanis' appeal for failure to prosecute.

of sanctions under its inherent power for an abuse of discretion.").  The court properly concluded that Plaintiff "knowingly brought a frivolous, time-barred suit in bad faith."  See id. ("Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument . . . ." (internal quotation marks omitted)).

    **AFFIRMED** as to Plaintiff Linda Insinger, and **DISMISSED** as to Plaintiff Sven Goldmanis.